OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 22, 2000

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Tarrant County Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0320

Re: Whether a person who is sentenced to pay a fine and to deferred adjudication probation after pleading guilty to a class C misdemeanor in county court is entitled to an expunction of his arrest record (RQ-0258-JC)

Dear Mr. Curry:

You have requested our opinion as to whether an individual who is sentenced to pay a fine and to deferred adjudication probation in a county criminal court is entitled to an expunction of his arrest record. We conclude that, under such circumstances, he is not entitled to an expunction.

The expunction provision, article 55.01 of the Code of Criminal Procedure, provides, in relevant part:

> (a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or
>
> (B) convicted and subsequently pardoned; or
>
> (2) each of the following conditions exist:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with

commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 of this code*; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2000) (emphasis added). Article 55.01 thus makes a person who has been arrested ineligible for expunction if he receives "court ordered community supervision under Article 42.12."

You ask us to assume that a hypothetical defendant is arrested on a felony charge that is subsequently reduced to a class A misdemeanor and filed in county criminal court. The defendant then pleads guilty to a class C misdemeanor, is assessed a fine and court costs, and placed on deferred adjudication probation for180 days. It has been suggested that, since the defendant in this scenario pled guilty to a class C misdemeanor, he could not have been sentenced to "court ordered community supervision under Article 42.12," as required by subdivision (2)(B). Rather, he must have received a suspended sentence and deferred adjudication probation under *article 45.051* of the Code of Criminal Procedure.[1]

Article 45.051[2] provides, in relevant part:

(a) On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the justice may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days.

. . . .

---

[1]There were two versions of article 45.051 enacted by the 76th Legislature. *Compare* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 50, 1999 Tex. Gen. Laws 5314, 5324 (redesignating article 45.54 as article 45.051) *with* Act of May 19, 1999, 76th Leg., R.S., ch. 532, § 1, 1999 Tex. Gen. Laws 3022 *and* Act of May 30, 1999, 76th Leg., R.S., ch. 1387, § 1, 1999 Tex. Gen. Laws 4689, 4690. For purposes of your inquiry, they are identical.

[2]We refer here to Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 50, 1999 Tex. Gen. Laws 5314, 5324.

> (e) Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01 of this code. If a complaint is dismissed under this article, there is not a final conviction and the complaint may not be used against the person for any purpose.

*Id.* art. 45.051. Article 45.051 would seem on its face to apply to the situation you pose. The hypothetical defendant did indeed plead guilty "in a misdemeanor case punishable by fine only and payment of all court costs." Proceedings were deferred without the entry of an adjudication of guilt, and defendant was placed "on probation for a period not to exceed 180 days."

Closer inspection, however, reveals that article 45.051 cannot be applied to the defendant's situation in the hypothetical you pose. Article 45.051 is a part of chapter 45 of the Code of Criminal Procedure. Article 45.001 states, in part: "The purpose of this chapter is to establish procedures for processing cases that come within the criminal jurisdiction of the justice courts and municipal courts." *Id.* art. 45.001. Article 45.002 provides: "Criminal proceedings in the justice and municipal courts shall be conducted in accordance with this chapter, including any other rules of procedure specifically made applicable to those proceedings by this chapter." *Id.* art 45.002. Proceedings involving the hypothetical defendant, however, were conducted in a county criminal court. Such a court is not a "justice [or] municipal court," and therefore, chapter 45 can have no application to an order issued by that court.

When deferred adjudication is imposed by other than a justice or municipal court, it is imposed pursuant to article 42.12 of the Code of Criminal Procedure. Subsection 5(a) thereof sets forth the procedures applicable to deferred adjudication. Nothing therein or elsewhere in article 42.12 precludes its application to a plea of guilty to a class C misdemeanor. Furthermore, as we have noted, since article 45.051 simply cannot be applied to proceedings in county court, it follows that article 42.12, the only other statute dealing with deferred adjudication, is the applicable statute in the circumstances you present. Article 1.02 declares that "[t]he procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act." *Id.* art. 1.02 (Vernon 1977). "[C]ounty courts at law with criminal jurisdiction" are among those to whom the Code of Criminal Procedure is generally applicable. *Id.* art. 4.01 (Vernon Supp. 2000). Thus, the hypothetical defendant of whom you inquire must necessarily have received deferred adjudication pursuant to article 42.12. As a result, such defendant does not meet the requirement of subdivision (a)(2)(B) of article 55.01, because he in fact received "court ordered community supervision under Article 42.12." Accordingly, he is not entitled to the expunction of his arrest record under article 55.01.

## S U M M A R Y

A person who is sentenced to pay a fine and to deferred adjudication probation in a county criminal court is not entitled to an expunction of his arrest record under article 55.01 of the Code of Criminal Procedure.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee